UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARTER OAK FIRE INSURANCE COMPANY,

                                                               Docket No.:

                   Plaintiff,

-against-

GEMINI INSURANCE COMPANY,

                   Defendants.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, CHARTER OAK FIRE INSURANCE COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, GEMINI INSURANCE COMPANY ("Gemini") alleges upon information and belief as follows:

### Nature of the Action

1. Travelers is providing a defense to JRM Construction Management, LLC ("JRM"), Board of Managers of 20-30 Hudson Yards ("Board"), Ery Tenant LLC, Ery Retail Podium LLC (collectively, the "Ery Defendants"), and the Neiman Marcus Group LLC ("Neiman") in an action titled *Valle v. Board of Managers of 20-30 Hudson Yards, et al.,* in the Supreme Court of the State of New York, County of New York, Index No. 154241/2019 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Gemini is obligated to defend and to indemnify JRM, Board, the Ery Defendants and Neiman on a primary and non-contributory basis, in connection with the Underlying Action in which the underlying plaintiff, Michael Valle (the "Claimant") asserts claims for injuries, and that, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of JRM, Board, the Ery Defendants and Neiman in said action.

### Parties

3. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Gemini was and is a Delaware corporation with a principal place of business in Scottsdale, Arizona.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Gemini.

8. Plaintiff Travelers has no other adequate remedy at law.

### Insurance Policies

9. Gemini issued a commercial general liability insurance policy bearing policy number VGGP002829 to Interstate Drywall Construction ("Interstate") with effective dates of September 30, 2017 to September 30, 2018 (the "Gemini Policy").

10. The Gemini Policy is subject to certain terms, conditions, and exclusions that generally provide coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. Pursuant to an endorsement in the Gemini Policy titled ADDITIONAL INSURED

– OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION, the Gemini Policy provides for additional insurance for:

> Any person or organization when you have agreed in a written and executed contract, prior to an "occurrence", that such person or organization be added as an additional insured on your policy, "but only with respect to liability for "bodily injury"… caused, in whole or in part, by your acts or omissions, or the acts or omissions of those acting on your behalf, in the performance of your ongoing operations…"

12.     The Gemini Policy has an endorsement entitled PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION that provides that this insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

- That additional insured is a Named Insured under such other insurance; and
- You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

13.     Travelers issued a policy no. DT1N-CO-0H633885-COF-18 to JRM in effect from April 20, 2018 to April 20, 2019 (the "Travelers Policy").

14.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15.     The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to JRM, Board, the Ery Defendants and Neiman where it has been added as an "additional insured."

## BACKGROUND FACTS

16.     Prior to the date of the accident, JRM and Hudson Yards Construction LLC entered into a prime contract in which JRM was to perform general contractor duties at the Premises. Pursuant to the prime contract, JRM agreed to defend, hold harmless and indemnify Board, the

3

Ery Defendants (owners) and Neiman (as tenant), in addition to obtaining additional insured coverage on a primary and noncontributory basis.

17. On September 10, 2014, JRM and Interstate entered into a Master Subcontract Agreement, pursuant to which Interstate agreed to perform work, including drywall work, in connection with the construction project at 242 W 36th Street, New York, New York ("The Premises").

18. Article 13 of the Master Subcontract required Interstate to maintain general liability insurance that named "Contractor, and if so directed by Contractor, shall name Owner, and any of Owner's designees, as "additional insureds". This insurance applies on a primary and non-contributory basis.

19. The sample Certificates of Insurance that JRM provided to Gemini's named insured Interstate on October 13, 2017 include an additional insured attachment which provides for additional insured coverage to apply for JRM, the Ery Defendants, Neiman and the Board. A true copy of the sample Certificates and referenced email is attached hereto as **Exhibit "A"**.

20. The terms of the contract further require Interstate to defend, indemnify and hold JRM and its additional insureds harmless against all claims arising out of or resulting from the performance of Interstate's work.

21. On April 24, 2024, the Claimant filed his complaint in the Underlying Action against JRM, Board, the Ery Defendants and Neiman, asserting causes of action based on negligence and labor law violations. A true copy of the Verified Complaint in the Underlying Action is attached hereto as **Exhibit "B"**.

22. On June 7, 2024, the Claimant amended his complaint to change the date of the alleged accident from August 21, 2018 to May 24, 2018. A true copy of the Verified Amended

Complaint in the Underlying Action is attached hereto as **Exhibit "C"**.

23. Travelers is defending JRM, Board, the Ery Defendants and Neiman in connection with the Underlying Action.

24. In the Underlying Action, the Claimant seek to impose liability on JRM, Board, the Ery Defendants and Neiman for alleged bodily injury with respect to operations performed by or on behalf of Interstate.

## TENDERS TO GEMINI

25. By correspondence dated June 18, 2018, Travelers tendered the additional insured status, defense and indemnity of JRM and the Ery Defendants to Interstate and Gemini.

26. By correspondence dated July 6, 2018, Vela Insurance Services (the entity handling the claim on behalf of Gemini) sent Travelers a letter acknowledging Travelers' demand letter and advising that because no claim had been made to date, Gemini could not accept or reject the tender demand.

27. By correspondence dated August 14, 2018, Travelers sent Vela Insurance a renewed tender demand on behalf of JRM and the owner as the claimant had now filed its complaint.

28. By correspondence dated February 17, 2020, Travelers agreed to defend and indemnify the Board, the Ery Defendants and Neiman up to the limits of the Travelers Policy.

29. On May 21, 2021, Vela Insurance accepted the tender of JRM, but not JRM's additional insureds.

30. On August 18, 2021, Travelers emailed Vela Insurance to confirm acceptance of the defense and indemnification of JRM on a primary and non-contributory basis.

31. On February 4, 2022, Travelers emailed Vela Insurance requesting Vela extend its

acceptance to the Ery Defendants the Board and Neiman.

32. On February 4, 2022, Vela Insurance responded to Travelers by email noting that it was accepting coverage only as to JRM.

33. On April 6, 2022, Travelers emailed Vela Insurance requesting it reconsider Travelers' tender request for the additional insured status, defense and indemnity of the Board, the Ery Defendants and Neiman.

34. Travelers subsequently renewed its tender to Gemini, but, to date, Gemini still refuses to provide a defense and indemnity to JRM, Board, the Ery Defendants and Neiman under the Gemini Policy.

35. Gemini has refused to provide "additional insured" coverage to JRM, Board, the Ery Defendants and Neiman under the Gemini Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

36. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "35" above as if fully set forth herein.

37. JRM, Board, the Ery Defendants and Neiman qualify as "additional insureds" under the Gemini Policy.

38. The coverages provided to JRM, Board, the Ery Defendants and Neiman under the Gemini Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

39. Accordingly, Travelers seeks a declaration that Gemini has an obligation to defend and indemnify JRM, Board, the Ery Defendants and Neiman as "additional insureds" under the Gemini Policy; that the coverage provided by the Gemini Policy to JRM, Board, the Ery Defendants and Neiman are primary and non-contributory; and that the obligations of Travelers to

JRM, Board, the Ery Defendants and Neiman in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Gemini Policy.

40. In addition, Travelers seeks an award at law and in equity against Gemini for recovery of all sums Travelers has paid in the defense of JRM, Board, the Ery Defendants and Neiman in the Underlying Action because the coverages provided by the Gemini Policy are primary to any coverage provided by Travelers.

41. Further, Travelers seeks an award at law and in equity against Gemini for recovery of all sums Travelers has paid and continues to pay in the defense of JRM, Board, the Ery Defendants and Neiman in the Underlying Action because the coverage provided by the Gemini Policy is primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that JRM, Board, the Ery Defendants and Neiman are "additional insureds" under the Gemini Policy to whom Gemini owes coverage with respect to the Underlying Action;

2. Declaring that Gemini has a duty to defend JRM, Board, the Ery Defendants and Neiman in the Underlying Action up to and including the respective policy limits of the Gemini Policy;

3. Declaring that all coverage owed by Gemini to JRM, Board, the Ery Defendants and Neiman with respect to the Underlying Action is primary to any coverage provided by Travelers to JRM and Neiman;

4. Declaring that the obligations of Gemini to JRM, Board, the Ery Defendants and Neiman with respect to the Underlying Action are primary to any obligations of Travelers

to JRM, Board, the Ery Defendants and Neiman;

5. Declaring that the obligations of Travelers to JRM, Board, the Ery Defendants and Neiman in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Gemini Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against Gemini in an amount equal to the sums that Travelers incurred in defending the claims against JRM, Board, the Ery Defendants and Neiman in the Underlying Action;

7. Awarding judgment against Gemini in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against JRM, Board, the Ery Defendants and Neiman in the Underlying Action;

8. Awarding judgment against Gemini in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify JRM, Board, the Ery Defendants and Neiman in the Underlying Action;

9. Granting an award in favor of Travelers for the costs of suit incurred herein; and

10. Granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York
July 15, 2024

USERY & ASSOCIATES

By: */s/ Petra P. Starr*
Petra P. Starr, Esq.
*Attorneys for Plaintiff—*
*Charter Oak Fire Insurance Company*
Direct: 312.458.6292
Fax: 844.571.3789
Email: Pstarr@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address:</u>
161 N. Clark Street, 10th Floor
Chicago, Illinois